# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| KENNETH K. McCURLEY, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Case No. 18-CV-0429-JHP-JFJ |
| SCOTT CROW,[1] | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Kenneth K. McCurley, a state inmate appearing *pro se*, brings this 28 U.S.C. § 2254 habeas corpus action to challenge the constitutional validity of the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2009-3368. In that case, Petitioner entered negotiated pleas of guilty to second-degree murder and first-degree arson. The trial court imposed two 35-year prison sentences, to be served concurrently. Before the Court is Respondent's motion to dismiss the habeas petition as time-barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations (Dkt. 12). Respondent filed a brief in support of the motion to dismiss (Dkt. 13), and Petitioner filed a timely response (Dkt. 14). For the reasons that follow, the Court grants Respondent's

---

[1] Petitioner is currently incarcerated at the Davis Correctional Facility (DCF) in Holdenville, Oklahoma. Because the DCF is a privately-operated prison, Scott Crow, Interim Director of the Oklahoma Department of Corrections (ODOC), is the proper respondent. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Court therefore substitutes Scott Crow in place of Joe Allbaugh, the ODOC's former Director, as party respondent. The Clerk of Court shall note this substitution on the record. In addition, the Clerk of Court shall note the termination of James Yates, the DCF's warden, as a named respondent. *See* Dkt. 10, at 1 n.1.

motion and dismisses the petition for writ of habeas corpus, with prejudice, as time-barred.

## BACKGROUND

In an information filed July 17, 2009, in the District Court of Tulsa County, Case No. CF-2009-3368, the State of Oklahoma charged Petitioner with attempt to kill, in violation of OKLA. STAT. tit. 21, § 653 (Count I), and first-degree arson, in violation of OKLA. STAT. tit. 21, § 1401 (Count II). Dkt. 4-1, *Brief in Support of Habeas Petition*, at 30. The State alleged "Petitioner, on July 10, 2009, caused a flammable substance to be thrown onto his girlfriend, Nicole Partridge, in the kitchen of a Tulsa residence, and that Petitioner then threw a cigarette onto her igniting the substance and resulting in burns to 80% of her body." *Id.* at 38. On August 3, 2009, after Partridge died, the State filed an amended information, amending Count I to charge Petitioner, in the alternative, with first-degree murder or felony murder, in violation of OKLA. STAT. tit. 21, § 701.7. *Id.* at 30-31.

On February 2, 2012, Petitioner, represented by counsel, entered negotiated pleas of guilty to second-degree murder, in violation of OKLA. STAT. tit. 21, § 701.8 (Count I), and first-degree arson, in violation of OKLA. STAT. tit. 21, § 1401 (Count II). *Id.* at 31; Dkt. 13-2, *Judgment and Sentence*, at 1-3, 5. As a factual basis for his guilty plea, Petitioner provided the following written statement,

> On 7/10/09, in Tulsa Co[unty], I engaged in conduct that showed reckless disregard for human life, and Nicole Partridge was burned and later died from those burns. My conduct was splashing a flammable liquid that ignited and burned Ms. Partridge. We were in the house when the fire started.

Dkt. 4, *Brief in Support of Habeas Petition*, at 73 (Plea of Guilty/Summary of Facts). In accordance with the plea agreement, the trial court imposed two 35-year prison terms and

ordered them to be served concurrently. *Id.* at 77. The trial court advised Petitioner of his appeal rights, "but he made no attempt to withdraw his pleas within the ten (10) day period allowed by law or otherwise initiate a direct appeal of his conviction." *Id.*

Between May 2014 and May 2015, Petitioner filed several letters in state district court. Dkt. 13-1, *Docket sheet, Case No. CF-2009-3368*, at 3.

- On May 5, 2014, Petitioner requested a copy of the Plea of Guilty/Summary of Facts. Dkt. 13-3, *Letter filed May 5, 2014*, at 1.

- On April 6, 2015, Petitioner requested a split sentence. Dkt. 13-4, *Letter filed April 6, 2015*, at 1.

- On April 24, 2015, Petitioner requested leave to withdraw his guilty plea "out of time," alleging (1) plea counsel effectively abandoned him during the time he could move to withdraw his plea, and (2) he was "actually innocent" because the prosecuting attorney admitted at sentencing "that the crime was a complete accident." Dkt. 13-6, *Letter filed April 24, 2015*, at 1-2.

- On May 26, 2015, Petitioner renewed his request for a split sentence. Dkt. 13-7, *Letter filed May 26, 2015*, at 1-2.

On October 27, 2015, the State filed a motion to dismiss, urging the state district court to construe Petitioner's April 24, 2015 Letter as an application for post-conviction relief seeking an appeal out of time. Dkt. 13-8, *State's Motion to Dismiss*, at 1-3. The State further urged the court to dismiss the application for failure to comply with statutory requirements for seeking post-conviction relief. *Id.* On October 30, 2015, the state district court construed Petitioner's request for leave to withdraw his guilty plea as an application

3

for post-conviction relief seeking an appeal out of time and dismissed the application, without prejudice to refiling, citing Petitioner's failure to file a "verified application" as required by OKLA. STAT. tit. 22, § 1081. Dkt. 4-1, *Brief in Support of Habeas Petition*, at 32-33.

On January 15, 2016, Petitioner filed an application for post-conviction relief in state district court, seeking an appeal out of time and requesting an evidentiary hearing. Dkt. 4, *Brief in Support of Habeas Petition*, at 31-75. Petitioner filed an addendum to his application on March 7, 2016. *Id.* at 27-30; Dkt. 13-1, *Docket sheet, Case No. CF-2009-3368*, at 4. On August 7, 2017, the state district court construed the application and addendum as a second application for post-conviction relief asserting five propositions of error: (1) Petitioner was denied his right to a direct appeal through no fault of his own, (2) Petitioner is actually and factually innocent, (3) Petitioner was denied his right to effective assistance of plea counsel, (4) Petitioner's plea was not knowing and voluntary, and (5) Petitioner's plea, convictions, and sentences are "illegal under 21 O.S. 2011, § 11 and the 14th Amendment and void due to the misjoinder of charges and Double Jeopardy that would require a merger that is prohibited under 21 O.S. 2011, § 701.8(2)." Dkt. 4, *Brief in Support of Habeas Petition*, at 94-95. The state district court declined to recommend an appeal out of time and denied post-conviction relief. *Id.* at 95-100; Dkt. 4-1, *Brief in Support of Habeas Petition*, at 1-6. In denying post-conviction relief, the state district court found (1) Petitioner's guilty pleas were knowing, intelligent and voluntary, (2) Petitioner waived all non-jurisdictional defenses, (3) counsel was not ineffective, and (4) Petitioner failed to establish his actual innocence. Dkt. 4, at 97-100; Dkt. 4-1, at 1-4.

Petitioner timely appealed the denial of his second application for post-conviction relief. Dkt. 4-1, *Brief in Support of Habeas Petition*, at 10-29. In an unpublished order filed June 13, 2018, in Case No. PC-2017-900, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial of Petitioner's second application for post-conviction relief and denied his request for an appeal out of time. *Id.* at 38-45.

Petitioner filed the instant federal habeas petition (Dkt. 3), along with a brief in support of the petition (Dkts. 4, 4-1), on September 21, 2018.[2] He seeks habeas relief on the following grounds:

1. Petitioner [was] denied his right to direct appeal through no fault of his own.
2. Petitioner is actually innocent of Count 1, 2nd degree murder 21 O.S. 701.8 and Count 2, 1st degree Arson 21 O.S. 1401.
3. Petitioner [was] denied his 6th and 14th Amendment rights to effective assistance of counsel.
4. Plea was involuntary, unintelligent and entered without knowledge of law and its full consequences and under duress and threat of abandonment of counsel.
5. Plea conviction and sentence is illegal under 21 O.S. § 11, and the 14th Amendment and void due to misjoinder of charges and Double Jeopardy violations that would require a merger that is prohibited under 21 O.S. § 701.8(2).

Dkt. 3, *Petition*, at 5-11. Petitioner also requests an evidentiary hearing on the merits of

---

[2] On August 20, 2018, Petitioner filed a letter in this Court, asserting he had exhausted an "actual innocence" claim in state court and requesting appointment of counsel to assist him in preparing a 28 U.S.C. § 2254 petition for writ of habeas corpus. Dkt. 1. Based on Petitioner's letter, the Court directed the Clerk of Court to open this habeas corpus action. Dkt. 2. The Court denied Petitioner's request for appointed counsel and advised Petitioner that should he wish to proceed, he must file a habeas petition on the court-approved form. *Id.*

his claims and appointment of counsel. *Id.* at 16; Dkt. 17, *Letter filed July 2, 2019*, at 1.

In response to the petition, Respondent filed a motion to dismiss (Dkt. 12) the habeas petition as time-barred under 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations, along with a brief in support of the motion (Dkt. 13). Petitioner filed a timely response to the motion to dismiss (Dkt. 14).[3]

## *ANALYSIS*

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have a one-year limitation period in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The limitation period begins to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Regardless of which commencement date applies, the one-year limitation period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). Because the AEDPA's one-year

---

[3] Petitioner subsequently filed three letters, on February 28, 2019 (Dkt. 15), May 10, 2019 (Dkt. 16), and July 2, 2019 (Dkt. 17). The Court considers these filings only to the extent they reassert arguments included in his timely response.

limitation period is not jurisdictional, the one-year limitation period "may be tolled for equitable reasons," *Holland v. Florida*, 560 U.S. 631, 645 (2010), or may be "overcome" through "a credible showing of actual innocence," *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

I.     **The petition is untimely under 28 U.S.C. § 2244(d)(1)(A).**

In most cases, a state prisoner must file a federal habeas petition within one year of the date his or her conviction becomes final, as provided in 28 U.S.C. § 2244(d)(1)(A). As Respondent contends, and Petitioner acknowledges, the habeas petition is untimely under § 2244(d)(1)(A). *See* Dkt. 3, *Petition*, at 15-16; Dkt. 13, *Brief in Support of Motion to Dismiss*, at 4-5; Dkt. 14, *Response to Motion to Dismiss*, at 1-3. Petitioner was convicted and sentenced on February 2, 2012. Dkt. 13-2, *Judgment and Sentence*, at 1. He did not move to withdraw his guilty pleas within 10 days of his sentencing hearing, as required by Oklahoma law, or otherwise seek direct review of his convictions. Dkt. 13-1, *Docket sheet, Case No. CF-2009-3368*, at 1-3; *see* Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2019) (requiring criminal defendant who pleads guilty and plans to pursue certiorari appeal to file application to withdraw guilty plea within 10 days of sentencing). Petitioner's conviction thus became final on February 12, 2012, when the time for seeking direct review expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (noting state prisoner's convictions became final under Oklahoma law 10 days after sentencing when prisoner did not move to withdraw plea or file direct appeal). Petitioner's one-year limitation period for filing a federal habeas petition commenced the next day, February 13, 2012, and, absent any tolling events,

expired on February 13, 2013. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (explaining one-year limitation period begins to run day after triggering event and is calculated using anniversary method). Petitioner did not file the instant habeas petition until September 21, 2018, over five years after his AEDPA deadline expired. Dkt. 3, *Petition*, at 1.

Moreover, as Respondent contends, Petitioner cannot benefit from statutory tolling. *See* Dkt. 13, *Brief in Support of Motion to Dismiss*, at 8-9. A habeas petitioner can benefit from statutory tolling only if he or she files an application for post-conviction relief or other collateral review before the one-year limitation period expires. *Clark*, 468 F.3d at 714. Here, Petitioner filed several letters in state district court, some of which were construed as applications for post-conviction relief. *See supra*, pp. 3-5. However, Petitioner did not file any of these applications before his one-year limitation period expired on February 13, 2013. *See id.* Thus, he is not entitled to statutory tolling. *See* 28 U.S.C. § 2244(d)(2); *Clark*, 468 F.3d at 714.

In short, the petition for writ of habeas corpus, filed on September 21, 2018, is untimely under § 2244(d)(1)(A).

**II.     Petitioner cannot overcome the untimeliness of his petition.**

Petitioner acknowledges he did not file his petition within one year of the date his conviction became final. Dkt. 3, *Petition*, at 15-16; Dkt. 14, *Response to Motion to Dismiss*, at 1-2. However, he urges this Court to deem his petition timely for equitable reasons. As discussed below, the Court finds none of Petitioner's reasons persuasive.

**A.     Actual-innocence**

First, Petitioner relies on his Ground Two "actual-innocence" claim to overcome his untimely filing. Dkt. 3, *Petition*, at 7, 15; Dkt. 14, *Response to Motion to Dismiss*, at 2; Dkt. 15, *Letter filed February 28, 2019*, at 1.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome the failure to comply with the AEDPA's statute of limitations and permit a federal habeas court to review the merits of an untimely habeas claim. *Perkins*, 569 U.S. at 386.[4] However, to present a credible claim of actual innocence a "petitioner [must] support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The petitioner must then "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Perkins*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).

Petitioner claims he is actually innocent of the crimes he pleaded guilty to

---

[4] Respondent also construes Petitioner's assertion of "actual innocence" combined with a Petitioner's reference to "due diligence" as an attempt to invoke a later commencement date under § 2244(d)(1)(D). Dkt. 13, *Brief in Support of Motion to Dismiss*, at 5-8. However, the Court understands that provision as applying to cognizable habeas claims that rely on newly discovered facts. *See* 28 U.S.C. § 2244(d)(1)(D) (providing one-year limitation period begins on "the date on which the factual predicate of *the claim or claims* presented could have been discovered through the exercise of due diligence" (emphasis added)). Petitioner's Ground Two "actual innocence" claim is not a cognizable federal habeas claim. *See Farrar v. Raemisch*, 924 F.3d 1126, 1131 (10th Cir. 2019) ("The Supreme Court has repeatedly sanctioned gateway actual innocence claims, but the Court has never recognized freestanding actual innocence claims as a basis for federal habeas relief."). Rather, Petitioner's assertion of "actual innocence" has the potential to serve only as a gateway claim under *Perkins*. For that reason, the Court finds § 2244(d)(1)(D) inapplicable.

9

committing—second-degree murder and first-degree arson—because he accidentally, rather than intentionally, caused the fire that resulted in Ms. Partridge's death. Dkt. 3, *Petition*, at 7. He alleges both crimes of conviction "require intent or an intentionally violent, dangerous act" and he has "new evidence" that Ms. Partridge's death resulted from an accident. *Id.* The "new evidence" he relies on consists of (1) a U.S. Department of Justice ATF report indicating that throwing a cigarette at someone splashed with lighter fluid would not ignite a fire, (2) statements the prosecutor made at the plea hearing suggesting the victim's death was an "accident," and (3) the "factual basis of Plea form Question 28." *Id.*; Dkt. 14, *Response to Motion to Dismiss*, at 2. Relying on this evidence, Petitioner argues he is "actually" and "factually" innocent. Dkt. 3, *Petition*, at 7. He further asserts, in light of this evidence, (1) it is "impossible that [he] set anyone on fire by spilling fuel then throwing a cigarette at them," and (2) "impossible to believe that any Juror in their [sic] right mind could hear the prosecutor openly accept the Petitioner's acts as accidental then convict him." Dkt. 14, *Response to Motion to Dismiss*, at 2.

For two reasons, the Court agrees with Respondent that Petitioner's actual-innocence claim is not credible. First, as Respondent argues, the evidence Petitioner relies on to support his claim is not new. Dkt. 13, *Brief in Support of Motion to Dismiss*, at 11-13. Significantly, the ATF lab report he relies on was prepared on June 28, 2010, Petitioner discussed the report with plea counsel "when he filled the plea form out at the county jail," and the state district court read from the report during the plea hearing. *See* Dkt. 4, *Brief in Support of Habeas Petition*, at 56 (ATF report dated June 28, 2010); Dkt. 4-1, *Brief in Support of Habeas Petition*, at 23 (excerpt from Petitioner's pro se state post-conviction

10

appeal brief, filed September 1, 2017, stating counsel notified Petitioner of ATF report before he pleaded guilty); Dkt. 13-4, *Letter filed April 6, 2015*, at 1-2 (letter from Petitioner to trial judge referring to plea hearing indicating Petitioner "feared" judge at hearing, and stating, "I could tell after you read that ATF report you changed a little"). Likewise, Petitioner relies on statements the prosecutor made "at the time of the plea" to support his assertion that he accidentally set the fire that killed Ms. Partridge. *See* Dkt. 3, *Petition*, at 7; *see also* Dkt. 4, *Brief in Support of Habeas Petition*, at 29 (affidavit from Carrie Cronn attesting Cronn was present at Petitioner's sentencing hearing when prosecutor stated his crimes were "merely an accident"); Dkt. 17, *Letter filed July 2, 2019*, at 1 (asserting prosecutor described Petitioner's conduct as "accidental" "some few moments before [he] was <u>required</u> to enter [his] plea"). Finally, Petitioner cites his response to Question No. 28 on the Plea of Guilty/Summary of Facts form—a form filed in state district court on February 3, 2012, the day after Petitioner pleaded guilty. Dkt. 3, *Petition*, at 7. Petitioner's response reflects his admission that he committed the acts charged in the information and his statement of the facts supporting his guilty plea. Dkt. 4, *Brief in Support of Habeas Petition*, at 73 (Plea of Guilty/Summary of Facts).

Second, as Respondent contends, Petitioner's assertion of innocence based on his theory that the acts he committed were accidental, rather than intentional, goes to legal innocence rather than factual innocence. Dkt. 13, *Brief in Support of Motion to Dismiss*, at 11; *see Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[A]ctual innocence means factual innocence, not mere legal insufficiency."); *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) (rejecting habeas petitioner's actual-innocence claim because petitioner's

assertions that he was not guilty of murder because he was intoxicated or acted in self-defense suggested legal innocence, not factual innocence). As Respondent emphasizes, Petitioner admitted in his written plea that he "engaged in conduct that showed reckless disregard for human life," resulting in Ms. Partridge's death, by "splashing a flammable liquid that ignited and burned Ms. Partridge." Dkt. 13, *Brief in Support of Motion to Dismiss*, at 12 (citing Plea of Guilty/Summary of Facts form). Petitioner's guilty pleas, which the state district court found were entered knowingly and voluntarily, *see* Dkt. 4, *Brief in Support of Habeas Petition*, 97-99, significantly undermine his assertion that he is "actually" and "factually" innocent. *See, e.g.*, *Long v. Peterson*, 291 F. App'x 209, 212-13 (10th Cir. 2008) (unpublished)[5] (rejecting habeas petitioner's assertion of "actual innocence" as one resting on legal rather than factual innocence when petitioner claimed he lacked requisite intent to commit murder but admitted his actions caused his father's death); *Ellis v. Mullin*, 56 F. App'x 858, 865 (10th Cir. 2003) (unpublished) (finding habeas petitioner did not make "colorable showing of factual innocence" when "at his plea hearing he stated under oath that he committed the acts alleged in the information, which he stated he had gone over with his attorney"). For these reasons, the Court finds Petitioner cannot rely on *Perkins*' equitable exception to excuse the untimeliness of his petition.

### B. Equitable tolling

Petitioner appears to seek equitable tolling on three grounds. First, he asserts "the Tulsa County Courts have restarted the tolling of time." Dkt. 3, *Petition*, at 15. Second,

---

[5] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

he alleges he is a "layman unschooled in law." *Id.* at 16. Third, he believes his double-jeopardy claim cannot be time-barred. Dkt. 4, *Brief in Support of Habeas Petition*, at 3; Dkt. 14, *Response to Motion to Dismiss*, at 2; Dkt. 15, *Letter filed February 28, 2019*, at 1.

To obtain equitable tolling, a state prisoner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "strong burden" and requires the prisoner "to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). While equitable tolling is available to permit review of untimely habeas claims, it "is a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (quoting *Yang*, 525 F.3d at 929).

1. **State court actions**

Petitioner asserts "the Tulsa County Courts have restarted the tolling of time." Dkt. 3, *Petition*, at 15. For support, he refers to the letter he filed in state district court on April 24, 2015, seeking to withdraw his plea. *Id.* He alleges the state district court (1) misconstrued the letter as an improperly filed application for post-conviction relief, (2) dismissed the application "without prejudice to refiling," and (3) provided him "lawful leave to proceed in Oklahoma Courts and Federal Courts with his claims and his claim of innocence." *Id.* at 15-16. Thus, he argues, his habeas claims should be deemed timely.

13

Petitioner's argument is not entirely clear, but for two reasons the Court rejects it.[6] First, to the extent Petitioner's argument could be construed as suggesting he obtained permission to pursue an out-of-time direct appeal, the record does not support his argument. Significantly, if a state court grants a criminal defendant's request to file a direct appeal out of time "before the defendant has first sought federal habeas relief" the defendant's state-court judgment is not final, for purposes of § 2244(d)(1)(A), until "the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal." *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009). Here, however, the state district court found Petitioner failed to make the requisite showings to obtain an appeal out of time and declined to recommend an appeal out of time. Dkt. 4, *Brief in Support of Habeas Petition*, at 95-97. The OCCA affirmed the state district court's decision. Dkt. 4-1, *Brief in Support of Habeas Petition*, at 44. Thus, to the extent Petitioner seeks application of *Jimenez*, it does not apply.

Second, to the extent Petitioner's argument could be construed as either seeking a

---

[6] Respondent construes this argument as one seeking statutory tolling. Dkt. 13, *Brief in Support of Motion to Dismiss*, at 8-9. Assuming Respondent is correct, the Court rejects Petitioner's argument for a third reason. Notably, "Oklahoma imposes no time limits for filing applications for post-conviction relief in the district courts." *Burger v. Scott*, 317 F.3d 1133, 1135 (10th Cir. 2013). In contrast, federal law imposes a one-year statute of limitations for state prisoners filing federal habeas petitions. 28 U.S.C. § 2244(d)(1). Thus, state prisoners who intend to seek federal habeas review must, at the very least, properly file an application for state post-conviction relief or collateral review in state district court within the one-year limitation period to toll the time for filing a federal habeas petition. *Id.* § 2244(d)(2); *Clark*, 468 F.3d at 714. Because Petitioner failed to file any state court pleadings within his one-year limitation period, he cannot benefit from statutory tolling of the federal statute of limitations. This is true even if the state courts permitted him to seek post-conviction relief in state court after his federal deadline expired.

later commencement date for his one-year limitation period or seeking equitable tolling based on the state court's actions, Petitioner has not cited any circumstances supporting his argument. In some circumstances, state-court actions may support a later commencement date for the one-year limitation period. For example, under § 2244(d)(1)(B), if a state court creates an impediment to filing a federal habeas petition, in violation of the Constitution or federal law, and the impediment prevents a state prisoner from filing a federal habeas petition, the one-year limitation period commences on the date the impediment is removed. A federal habeas court may also equitably toll the one-year limitation period "where a [state] court has led a particular plaintiff to believe that he or she had done all that is required under the circumstances" to pursue available state remedies. *Burger*, 317 F.3d at 1142 (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)). However, even liberally construed, neither the allegations in the petition nor those in the response to the motion to dismiss suggest the state courts unlawfully created any obstacles which prevented Petitioner from timely filing his federal habeas petition. Nor is there any evidence that the state courts took any actions during Petitioner's one-year limitation period to make Petitioner believe he could benefit from statutory tolling. In fact, the state courts could not have so misled Petitioner given his failure to file any pleadings in state court during his one-year limitation period.

Based on the foregoing, the Court finds no equitable reasons to toll the one-year period based on any alleged actions by the state courts.

### 2. Ignorance of the law

Petitioner also appears to seek equitable tolling based on his ignorance of the law. Specifically, he describes himself as a "layman unschooled in law" and alleges it took him "some time to understand the nature of his claim in regards to state and federal laws and the United States Constitution." Dkt. 3, *Petition*, at 15-16. He further asserts that he "diligently" challenged his convictions. Dkt. 14, *Response to Motion to Dismiss*, at 1. Generally, ignorance of the law does not excuse the failure to file a timely federal habeas petition. *See e.g.*, *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (concluding habeas petitioner's "alleged ignorance of AEDPA's one-year limitations period" did not support equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999))). Accordingly, even assuming Petitioner pursued his claim with the requisite diligence, Petitioner's alleged ignorance of the law does not constitute an extraordinary circumstance. Thus, he is not entitled to equitable tolling on this basis.

### 3. Double-jeopardy claim

Finally, Petitioner contends his double-jeopardy claim is so fundamental it cannot be time-barred. Dkt. 4, *Brief in Support of Habeas Petition*, at 3; Dkt. 14, *Response to Motion to Dismiss*, at 2. Contrary to Petitioner's belief, there is no special exception to the one-year statute of limitations for double-jeopardy claims. *See, e.g.*, *Adams v. LeMaster*, 223 F.3d 1177, 1180 n.2, 1184 (10th Cir. 2000) (affirming district court's dismissal of untimely habeas petition when petitioner asserted, *inter alia*, a double-jeopardy violation);

*cf. Steele v. Young*, 11 F.3d 1518, 1521-22 (10th Cir. 1993) (determining habeas petitioner's double-jeopardy claim was procedurally barred and not subject to federal habeas review because state court denied review of petitioner's double-jeopardy claim on independent and adequate state law grounds). Consequently, Petitioner's assertion of a double-jeopardy claim does not support equitable tolling.

## *CONCLUSION*

Under 28 U.S.C. § 2244(d)(1)(A) Petitioner's one-year limitation period commenced on February 13, 2012, and expired on February 13, 2013. Because Petitioner did not seek post-conviction relief or other collateral review in state court until after his one-year period expired, he is not entitled to statutory tolling of the one-year limitation period. Further, Petitioner has not identified any circumstances warranting equitable tolling of that period or supporting application of an equitable exception to the statute of limitations. The Court therefore grants Respondent's motion, and dismisses the petition for writ of habeas corpus, with prejudice, as time-barred under 28 U.S.C. § 2244(d)(1). Based on the dismissal, the Court denies as moot Petitioner's requests for an evidentiary hearing and appointment of counsel.

## **Certificate of Appealability**

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas

17

petition on procedural grounds, the petitioner may obtain a certificate of appealability only by showing both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Under the circumstances of this case, the Court finds reasonable jurists would not debate either point and thus declines to issue a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk of Court shall note on the record (a) the substitution of Scott Crow in place of Joe Allbaugh as party respondent and (b) the termination of James Yates as party respondent.

2. Respondent's motion to dismiss (Dkt. 12) is **granted**.

3. The petition for writ of habeas corpus (Dkt. 3) is **dismissed with prejudice** as time-barred.

4. Petitioner's requests for an evidentiary hearing and appointment of counsel are **denied as moot**.

5. A certificate of appealability is **denied**.

6. A separate judgment shall be entered in this matter.

**DATED** this 18th day of July 2019.

James H. Payne
United States District Judge
Northern District of Oklahoma